**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEAMSTERS FREIGHT EMPLOYEES LOCAL UNION NO. 480, INT'L BHD. OF TEAMSTERS, etc., Respondent.**

**No. 73–1058.**

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1973.

Decided June 15, 1973.

Richard A. Cohen, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., John J. A. Reynolds, Jr., Director, Region 16, N.L.R.B., Memphis, Tenn., Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Acting Asst. Gen. Counsel, Washington, D.C., for petitioner.

Cecil D. Branstetter, Nashville, Tenn., for respondent; Carrol D. Kilgore, Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

### ORDER

Upon consideration of the record, briefs and arguments of counsel for the parties, the Court finds that there is substantial evidence to support the findings of fact of the Board and the inferences to be drawn therefrom, the decision and order of the Board being reported at 197 NLRB #162.

The Court further finds that the respondent has violated Section 8(b)(2) of the National Labor Relations Act as amended by attempting to cause the company to employ only union members as casual drivers, and has violated Section 8(b)(2) and (1)(A) of the Act by causing the company to drop from its list of casual drivers, James and Kenneth Bonds, because they were not union members.

It is therefore ordered that the Order of the Board be and it is hereby enforced.

■

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James FRANKLIN, Defendant-Appellant.**

**No. 72–3558.**

United States Court of Appeals, Fifth Circuit.

June 14, 1973.

Henry Gonzales, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and DYER, Circuit Judges.

PER CURIAM:

This is a conviction for perjury. We are of the clear opinion that the questions asked and the answers given did not constitute perjury. *Cf.* Bronston v. United States, 1973, 409 U.S. 352, 93 S. Ct. 595, 34 L.Ed.2d 568.

Reversed.